UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No. 3:25-cr-00102 |
| v. ) | |
| ) | JUDGE CRENSHAW |
| ) | |
| ESPERANZA DE LA PAZ ) | |
| HERNANDEZ DE LONAS ) | |

JOINT SENTENCING MEMORANDUM

As directed by the Court, the parties file this joint sentencing memorandum to address the Section 3553 factors. For the reasons stated below, the parties ask the court to accept the proposed Rule 11(c)(1)(C) plea agreement for four months imprisonment.

The advisory guideline range is 8-14 months imprisonment. Ms. Hernandez has been in continuous custody since she was arrested on April 11, 2025, as she attempted to self-deport to El Salvador. Ms. Hernandez is not a United States citizen, she has an Immigration and Customs Enforcement detainer, and upon expiration of her sentence in this case, she likely will spend additional time in immigration custody prior to removal and will then be deported.

I.  **The nature and circumstances of the offense and the history and characteristics of Ms. Hernandez. 18 U.S.C. § 3553(a)(1).**

The instant offense is a status offense for not being a United States citizen and not having permission to be present in the United States. The offense does not involve violence, gang activity, minors, firearms or terrorism.

At the preliminary hearing, Immigration Enforcement Agent Michael Hector testified about the circumstances of this case:

On April 10, 2025, Agent Hector first received any information concerning Ms. Hernandez. He learned that someone had purchased a ticket for Ms. Hernandez to fly from Nashville to El Salvador on April 11, with a layover in Miami.[1] D.13, Prelim. Hrg. Transcript (PHT) at 13-14. He also learned that Ms. Hernandez is a citizen of El Salvador, had been previously removed after a felony conviction, and did not appear to have permission to be present in the United States. PHT at 7-9. Based on this information, Agent Hector obtained a criminal complaint and arrested Ms. Hernandez at the Nashville airport after she and her family had passed through TSA security and were preparing to head to their flight gate. PHT at 15-16, 23.

A record check indicated that Ms. Hernandez had not been arrested for any criminal charges since her prior removal in 2018. Additionally, there is no

---

[1] There are no direct flights from Nashville (BNA) to El Salvador.

information regarding how long Ms. Hernandez had been present in the United States prior to the April 11, 2025 arrest.

II.     **The sentencing range and the kinds of sentences available. 18 U.S.C. § 3553(a)(3), (4).**

The advisory sentencing range is 8-14 months imprisonment. There is no statutory minimum sentence.

Regarding a term of supervised release, as noted in the presentence report, the Sentencing Guidelines indicate that the Court ordinarily should not impose a term of supervised release in a case like Ms. Hernandez's, where supervised release is not required by statute and Ms. Hernandez is a deportable alien who will be deported after imprisonment. U.S.S.G. § 5D1.1(c).

III.    **The need for the imposed sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford deterrence, and protect the public sufficiently. 18 U.S.C. § 3553(a)(2).**

Under the unique circumstances of this case, the requested sentence fully reflects the seriousness of the law and provide just punishment for this status offense.

Although Ms. Hernandez does have a criminal history, her criminal history is quite old, with the most recent conviction occurring nine years ago. In the current case, there is no indication that Ms. Hernandez had returned to the United States to commit any crimes, and there is no indication that she was present in the United States for any length of time at all.

3

Significantly, in attempting to self-deport to El Salvador, Ms. Hernandez was following the directives of the United States government: On February 17, 2025, DHS Secretary Kristi Noem announced an ad campaign warning illegal aliens "to leave our country now or face deportation." Available at https://www.dhs.gov/news/2025/02/17/dhs-announces-ad-campaign-warning-illegal-aliens-self-deport-and-stay-out. In mid-March 2025, DHS ramped up its efforts to convince immigrants without status to self-deport. *See* Att. 1, NBC News Article, *Trump admin aims to get undocumented immigrants to self-deport with new messaging campaign.* And even after Ms. Hernandez's arrest, DHS has continued to promote self-deportation and even offered stipends of $1,000 to be paid to illegal aliens who use a DHS mobile app to self-deport. *See* Att. 2, DHS Statement ("self-deportation is a dignified way to leave the U.S. and will allow illegal aliens to avoid being encountered by the U.S. Immigration and Customs Enforcement ("ICE")).[2]

Here, Ms. Hernandez was doing precisely what the government was urging her to do. She was self-deporting back to her own country. Her actions in doing so are not taken into account by the advisory sentencing range and warrant a variance to the four-month sentence requested by the parties.

## IV. Restitution. 18 U.S.C. § 3553(a)(7).

Restitution is not an issue in this case.

---

[2] Ms. Hernandez unfortunately did not know about the DHS self-deportation program's specific registration requirements. If she had, she would have contacted DHS via their mobile phone app prior to self-deportation to avoid this whole prosecution.

## V. Conclusion

For the reasons stated above, for this non-violent status offense, and given Ms. Hernandez's clear intention to self-deport herself from the United States, the parties respectfully ask the Court to impose the proposed sentence of four months.

This joint sentencing memorandum has been reviewed by the Assistant United States Attorney Herbet Bunton and approved for filing.

Respectfully submitted,

/s/ *Caryll S. Alpert*
CARYLL S. ALPERT (BPR# 017021)
Senior Litigator
Office of the Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
615-736-5047
Caryll_Alpert@fd.org

Attorney for Esperanza De La Paz
      Hernandez De Lonas

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2025, I electronically filed the foregoing Joint Sentencing Memorandum with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Herbert Bunton, III, Assistant United States Attorney, 719 Church Street, Suite 3300, Nashville, TN 37203.

/s/ *Caryll S. Alpert*
CARYLL S. ALPERT